**James VanDEVENDER, Petitioner,**

v.

**Honorable G. Mitch WOODS, in His Official Capacity as Sheriff of Jefferson County, Texas and Jefferson County, Texas, Respondents.**

No. 05-0956.

Supreme Court of Texas.

Argued Dec. 5, 2006.

Decided April 27, 2007.

---

10. *Ante* at 426.

11. *Ante at* 426.

12. *Terrazas v. Ramirez,* 829 S.W.2d 712, 721 (Tex.1992).

13. *Ante* at 426.

Philip Durst, B. Craig Deats, Deats Durst Owen & Levy, P.L.L.C., Austin, and Richard L. Aman, Cleat Senior Staff Atty., Houston, for Petitioner.

Thomas F. Rugg, Jefferson County Criminal District Atty's Office, Beaumont, and Thomas E. Maness, Criminal District Atty., Beaumont, for Respondents.

Justice WILLETT delivered the opinion of the Court.

Deputy Sheriff James VanDevender sought a declaratory judgment that Jefferson County and its sheriff, G. Mitch Woods, violated article III, section 52e of the Texas Constitution[1] by failing to pay VanDevender's full salary during his second term as a deputy sheriff after he became disabled. That constitutional provision grants county law enforcement officers their "maximum salary" while they are "hospitalized or incapacitated" until their "term of office" expires. The trial court and court of appeals held that the Constitution did not entitle VanDevender to salary continuation benefits. We hold that the court of appeals should not have reached the ultimate constitutional question—whether the Constitution's full-pay entitlement extends into an officer's subsequent term of office—without first reviewing whether VanDevender's incapacity resulted from a job-related injury, a precondition to receiving continued salary. Because this threshold issue should be addressed first, we vacate the court of appeals' judgment and remand to that court to consider VanDevender's factual sufficiency argument.

## I.  Factual and Procedural Background

The underlying facts are brief and largely undisputed. Deputy Sheriff VanDeven-

---

1. Article III, section 52e, approved in 1967, provides in full:

   Each county in the State of Texas is hereby authorized to pay all medical expenses, all doctor bills and all hospital bills for Sheriffs, Deputy Sheriffs, Constables, Deputy Constables and other county and precinct law enforcement officials who are injured in the course of their official duties; providing that while said Sheriff, Deputy Sheriff, Constable, Deputy Constable or other county or precinct law enforcement official is

   hospitalized or incapacitated that the county shall continue to pay his maximum salary; providing, however, that said payment of salary shall cease on the expiration of the term of office to which such official was elected or appointed. Provided, however, that no provision contained herein shall be construed to amend, modify, repeal or nullify Article 16, Section 31, of the Constitution of the State of Texas.

   TEX. CONST. art. III, § 52e.

der sustained an on-the-job injury on April 11, 2000. He returned to work four months later and completed his term of office, which ended December 31, 2000. The next day, January 1, 2001, VanDevender was re-deputized and began another term. Beginning March 2, 2001, though, he underwent surgery and never returned to work during the 2001–2004 term. Put simply, the factual sequence is this: (1) officer suffers a job-related injury; (2) officer is incapacitated for several months; (3) officer returns to work; (4) officer is reappointed to a new term; and (5) officer is incapacitated a second time. VanDevender filed suit after the County stopped paying his full salary in February 2002.[2]

At trial, VanDevender testified that his disability resulted from the original April 2000 injury, and he denied sustaining any other on-the-job injuries.[3] The ultimate constitutional question is this: does the Constitution's restriction that the full-salary benefit cease "on the expiration of the term of office" mean that VanDevender's salary expires when his initial "injury/incapacity" term expires, even though his incapacity may persist or reoccur in a subsequent term, or does his reappointment extend the benefit so long as he remains a duly-sworn deputy?

Following a bench trial, the trial court entered a take-nothing judgment against VanDevender, finding that "[t]he evidence fails to establish that the Plaintiff's present disability was caused by his injury of April 11, 2000 and the evidence does not establish that the present disability is not caused by the injury of April 11, 2000." The trial court concluded "[r]eluctantly" that VanDevender's maximum-salary entitlement "ended on December 31, 2000, the end of the sheriff's term of office in which the injury occurred."

The court of appeals, without considering the causation issue—but noting the trial court's conclusion that the evidence neither proved nor disproved that Vandevender's disability resulted from his on-the-job injury—affirmed the trial court, holding that VanDevender's constitutional entitlement to full salary expired on December 31, 2000, the end of the term in which his job-related injury and incapacity first arose.[4] VanDevender appealed to this Court and insists that his constitutional right to full salary stretches beyond the term in which he was injured since he was reappointed and continuously employed into another term.

## II. Discussion

■ Deputy VanDevender urges this Court to "address this important constitutional interpretation question and then remand for a determination of the factual issues which the court of appeals did not reach." We decline to do so.

■ Judicial restraint cautions that when a case may be decided on a nonconstitutional ground, we should rest our decision on that ground and not wade into ancillary constitutional questions.[5] In

---

**2.** The County says it "voluntarily overpaid some fourteen months' worth" of VanDevender's salary but then questioned whether such payments were authorized.

**3.** The record is unclear whether VanDevender denied sustaining any post-April 2000 *off*-the-job injuries that might have preceded his second period of disability that began in March 2001.

**4.** 175 S.W.3d 545, 548.

**5.** *In re B.L.D.,* 113 S.W.3d 340, 349 (Tex. 2003) ("As a rule, we only decide constitutional questions when we cannot resolve issues on nonconstitutional grounds."); *Tex. Antiquities Comm. v. Dallas County Cmty. Coll. Dist.,* 554 S.W.2d 924, 931 (Tex.1977) (Greenhill, J., concurring) ("When a controversy may be resolved on a non-constitutional

such cases, "the cardinal principle of judicial restraint—if it is not necessary to decide more, it is necessary not to decide more—counsels us to go no further." [6]

In this case, whether article III, section 52e limits maximum salary to the term in which VanDevender's injury/incapacity first occurred is immaterial to the outcome of this case unless the April 2000 injury caused his disability in the subsequent term. The court of appeals did not address VanDevender's argument that Texas Rule of Civil Procedure 54 obviated the need for him to prove causation,[7] nor did it address his argument that, regardless of Rule 54, he proved causation. If VanDevender loses these arguments, even a favorable interpretation of Section 52e from this Court will not help him; any opinion we might express on the constitutional matter would be purely advisory.[8] VanDevender concedes that if he cannot prove causation, he loses, regardless of whether he has the better constitutional argument. Moreover, even if we adopted VanDevender's construction, we would still have to

remand for consideration of VanDevender's causation arguments. That factual assessment, "raised and necessary to final disposition" of the appeal, should happen *before* we reach the broader constitutional question, not after.[9] Because the courts below leapfrogged over VanDevender's causation arguments, we reaffirm the well-settled prudential doctrine that cases should be decided on narrow, non-constitutional grounds whenever possible.

## III. Conclusion

Accordingly, we vacate the court of appeals' judgment, decline to reach the merits of the constitutional issue, and remand to that court to address VanDevender's evidentiary arguments on causation.

ground, then the court should rest its decision on that ground, and should not decide the constitutional questions presented.") (citing *Neese v. Southern Ry. Co.,* 350 U.S. 77, 78, 76 S.Ct. 131, 100 L.Ed. 60 (1955); *Peters v. Hobby,* 349 U.S. 331, 338, 75 S.Ct. 790, 99 L.Ed. 1129 (1955)); *see also Bridgestone/Firestone, Inc. v. Glyn–Jones,* 878 S.W.2d 132, 133 (Tex. 1994) (explaining that, because there exists a narrower basis for disposition, "we need not reach the posed constitutional question"); *State v. Windham,* 837 S.W.2d 73, 78 n. 4 (Tex.1992) ("We will not pass on the constitutionality of a statute when the case may be decided on independent, alternative grounds."); *City of San Antonio v. Schautteet,* 706 S.W.2d 103, 105 (Tex.1986) (per curiam) ("The court of appeals should not have addressed the constitutional challenge because other grounds were asserted upon which the court could have decided the case.").

**6.** *PDK Labs., Inc. v. U.S. Drug Enforcement Admin.,* 362 F.3d 786, 799 (D.C.Cir.2004) (Roberts, J., concurring).

**7.** Texas Rule of Civil Procedure 54 states:

In pleading the performance or occurrence of conditions precedent, it shall be sufficient to aver generally that all conditions precedent have been performed or have occurred. When such performances or occurrences have been so plead, the party so pleading same shall be required to prove only such of them as are specifically denied by the opposite party.

**8.** *See Brown v. De La Cruz,* 156 S.W.3d 560, 566 (Tex.2004) (stating that the separation-of-powers provision, article II, section 1, of the Texas Constitution forbids advisory opinions).

**9.** *See* TEX.R.APP. P. 47.1 (requiring courts of appeals to address "every issue raised and necessary to final disposition of the appeal"); *West v. Robinson,* 180 S.W.3d 575, 576–77 (Tex.2005) (per curiam) (noting that Rule 47.1 is mandatory and that "courts of appeals are not at liberty to disregard it").