Concurring opinion issued July 29, 2010.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01‑08‑00345‑CV

———————————

IN RE V.V., a minor child



 



 

On Appeal from the 313th District Court

Harris County, Texas

Trial Court Cause No. 2006‑10410J



 



 

CONCURRING OPINION

 

          I join the opinion of the en banc
court in its entirety.  I write
separately for the limited purpose of emphasizing that the now-vacated panel
opinion unnecessarily departed from the governing precedent of In re M.S.,[1]
which established the Texas state-law standard for ineffective‑assistance‑of‑counsel
claims arising from proceedings in Texas state courts to terminate parental
rights under the Texas Family Code.  The
standard adopted by the Texas Supreme Court in M.S. is fully adequate to resolve this case without the expansion
of Texas family law proposed by the dissenters.

In addressing
the question of what standard applies to an ineffective‑assistance claim
arising from the appointment of counsel in a parental‑rights termination
case pursuant to section 107.013(a) of the Family Code,[2]
the Court held that because the standard announced in Strickland v. Washington[3]
“is well‑established and fairly straightforward and places a sufficiently
high burden on the movant to prove ineffective assistance of counsel . . .
it is the standard that should apply.”[4]  The Court described the Strickland standard in terms of a two‑pronged inquiry,
requiring a showing of both deficient performance by counsel and resulting
prejudice to the client.[5]

Through M.S. and its progeny,[6]
the Texas Supreme Court has instructed that we review the ineffective‑assistance
claim presented in this case by applying Strickland’s
two‑pronged test of ineffectiveness and prejudice.  Instead of following that precedent, the analysis
of the panel opinion skipped the prejudice prong and instead “presumed”
prejudice on the facts of this case, relying upon United States v. Cronic.[7]  That case, decided on the same day as Strickland, addresses Sixth Amendment
scenarios in which the assistance of counsel has been actually or
constructively denied “altogether.”[8]
 By applying Cronic’s one‑step ineffectiveness‑only standard,
instead of Strickland’s two‑step
ineffectiveness‑plus‑prejudice standard,
the panel opinion diluted
a standard which the Texas Supreme Court expressly chose, in part, because it
ensured “a sufficiently high burden on the movant to prove ineffective
assistance of counsel.”[9]

Regardless of
whether a Cronic‑style analysis
may be justified in an appropriate termination case, that issue is not
presented by this case, which can be appropriately resolved within the Strickland framework.  The dissenters address the following issues
relating to the performance of the biological father’s trial counsel:

1.       failed to bench warrant the father to
trial, and failed to put his motion for continuance, based on his need to
secure the father’s presence at trial, in writing or to verify it;  



2.       failed to object when the trial court took
judicial notice of the contents of DFPS’s file;          



3.       failed to object to the introduction into
evidence of Petitioner’s Exhibit No. 1, which contained numerous
unauthenticated copies of purported criminal records;         



4.       made the invalid objection “goes to the
criminal side”; 



5.       failed to cross‑examine the
caseworker or to call any witnesses or offer any evidence on the father’s
behalf; and 



6.       failed to include in his statement of
appellate points a challenge to the legal and factual sufficiency of the
evidence supporting the trial court’s finding that the father had endangered
the child.

 

These instances of action (e.g. oral
motion for continuance and invalid objection at trial) and inaction (e.g.
failures to object) are repeatedly characterized by the dissenters as the
“failures” of counsel that, in their view, amounted to a “constructive denial”
of counsel.

The
presumption of prejudice and the application of Cronic were entirely unnecessary because the panel’s opinion
nevertheless performed the second step of a Strickland
analysis without identifying it as such. 
This analysis of the trial proceedings (1) identified a specific
instance of counsel’s ineffective performance, and (2) determined that the
father was prejudiced as a result.  The panel’s
opinion concluded that the father was prejudiced by counsel’s failure to
include a legal‑sufficiency challenge in his statement of appellate
points, because, in their view, the evidence was legally insufficient to
support a termination of parental rights pursuant to section 161.001(1)(E)
of the Family Code.  There was no reason
to presume prejudice because the panel found prejudice.

There is no
reason to resort to Cronic when Strickland will do.  The United States Supreme Court said as much
in Bell v. Cone,[10]
an 8‑1 decision issued in 2002. 
The Bell Court noted that in Cronic itself the case was remanded for
reconsideration under the Strickland
factors.[11]  However, Bell
also acknowledged that Cronic
recognized “three situations implicating the right to counsel that involved
circumstances ‘so likely to prejudice the accused that the cost of litigating
their effect in a particular case is unjustified.’”[12]  Those situations are as follows:

1.                
“complete denial of counsel”—“A trial would be presumptively
unfair . . . where the accused is denied the presence of counsel
at ‘a critical stage,’” i.e., “a step of a criminal proceeding, such as
arraignment, that held significant consequences for the accused.”[13]

2.                
“counsel entirely fails to subject
the prosecution’s case to meaningful adversarial testing”[14]

3.                
“counsel is called upon to render
assistance under circumstances where competent counsel very likely could not,
the defendant need not show that the proceedings were affected”—E.g.,
Powell v. Alabama, 287 U.S. 45, 53 S.
Ct. 55 (1932).[15]

The Court in Bell focused on the second Cronic
scenario, in which counsel “entirely fails” to subject the prosecution’s case
to meaningful adversarial testing[16]—just as the dissenters in this case
characterize the representation received by the father.  With respect to that category of cases, the
Court said:

When we spoke in Cronic of the possibility of presuming
prejudice based on an attorney’s failure to test the prosecutor’s case, we
indicated that the attorney’s failure must be complete.  We said “if counsel entirely fails to subject the prosecution’s case to meaningful
adversarial testing.”  Cronic, supra, at 659, 104 S. Ct. 2039 (emphasis added).  Here, respondent’s argument is not that his
counsel failed to oppose the prosecution throughout the sentencing proceeding
as a whole, but that his counsel failed to do so at specific points.  For purposes of distinguishing between the
rule of Strickland and that of Cronic, this difference is not of degree
but of kind.[17]



The reasoning of Bell has been relied upon by at least one other Texas court to
reject an invitation to apply Cronic.[18]  As explained above, the panel could have employed
the Strickland standard to analyze
the effect of counsel’s failure to include legal sufficiency of the evidence in
the statement of appellate points.

The
panel’s resort to Cronic analysis was
both unauthorized by the governing precedents and unnecessary given the adequacy
of the governing precedents.  As most
aptly put by the opinion of our en banc majority, “Having adopted the Strickland standard in parental
termination cases, it is the Texas Supreme Court that should reject it when it
proves unworkable.”

 

 

                                                                   Michael
Massengale

                                                                   Justice


 

Justice Bland, joined by Chief
Justice Radack, and by Justices Alcala, Hanks, and Massengale, for the en banc
court.

Justice Jennings, dissenting, joined
by Justice Higley.

Justice Keyes, concurring in part and
dissenting in part.

Justice Sharp, dissenting, in an
opinion to follow.

Justice Massengale, concurring,
joined by Justices Alcala and Hanks.











[1]               115 S.W.3d 534 (Tex. 2003).

 





[2]
              Tex. Fam. Code Ann. § 107.013(a)(1) (Vernon Supp. 2009) (“In a suit filed by a
governmental entity in which termination of the parent-child relationship is
requested, the court shall appoint an attorney ad litem to represent the
interests of . . . an indigent parent of the child who
responds in opposition to the termination . . . .”).

 





[3]               466 U.S. 668, 687, 104
S. Ct. 2052, 2064 (1984).

 





[4]
              In re M.S., 115 S.W.3d at 545 (quoting with approval L.W. v. Dep’t of Children & Families,
812 So. 2d 551, 556 (Fla. Dist. Ct. App. 2002), overruled on other grounds by S.B. v. Dep’t of Children & Families,
851 So. 2d 689, 691 (Fla. 2003) (holding that a party in a Florida proceeding
to adjudicate child dependency has no right to a collateral proceeding
questioning the performance of appointed counsel)).  The petitioner in M.S. alleged that her attorney failed to provide competent
representation both during and after the termination proceedings, in violation
of her right to due process of law.  Id. at 543.  The Texas Supreme Court implicitly declined
the invitation to analyze the ineffective-assistance issue in constitutional
terms, addressing it instead in terms of the statutory right bestowed by the
Family Code.  Id. at 544.  This approach is
consistent with principles of judicial restraint, including the avoidance of
unnecessary constitutional questions.  See, e.g., VanDevender v. Woods, 222 S.W.3d 430, 432 & n.5 (Tex. 2007)
(“Judicial restraint cautions that when a case may be decided on a non‑constitutional
ground, we should rest our decision on that ground and not wade into ancillary
constitutional questions.”).  Like M.S., this case need not and should not
be decided on constitutional grounds.

 





[5]
        In re M.S., 115 S.W.3d at 545 (quoting Strickland, 466 U.S. at 687, 104 S. Ct.
at 2064).

 





[6]
              See In re J.O.A., 283 S.W.3d 336, 344 (Tex. 2009) (“An ineffective
assistance of counsel claim . . . requires more than merely showing that
appointed counsel was ineffective.  There
are two elements to the Strickland
standard, and, under the second, the defendant must show that counsel’s
‘deficient performance prejudiced the defense . . . that counsel’s errors were
so serious as to deprive the defendant of a fair trial, a trial whose result is
reliable.’” (quoting Strickland, 466
U.S. at 687, 104 S. Ct. at 2064)); In re
B.G., No. 07-0960, 2010 WL 2636050, at *3 (Tex. July 2, 2010) (same).

 





[7]               466 U.S. 648, 104 S. Ct.
2039 (1984).

 





[8]
              Strickland, 466 U.S. at 692, 104 S. Ct. at 2067 (citing Cronic, 466 U.S. at 659 & n.25, 104
S. Ct. at 2047 & n.25 (“The presumption that counsel’s assistance is
essential requires us to conclude that a trial is unfair if the accused is
denied counsel at a critical stage of his trial.”)).

 





[9]
              In re M.S., 115 S.W.3d at 545.

 





[10]             535 U.S. 685, 122 S. Ct.
1843 (2002).

 





[11]
            Id. at 695, 122 S. Ct. at 1850.

 





[12]
            Id. (citing Cronic, 466 U.S. at
658–59, 104 S. Ct. at 2047).

 





[13]
            Id. at 695–96, 122 S. Ct. at 1851 (citing Cronic, 466 U.S. at 659, 104 S. Ct. at 2047).

 





[14]
            Id. at 696, 122 S. Ct. at 1851 (citing Cronic, 466 U.S. at 659, 104 S. Ct. at 2047).

 





[15]
            Id. at 696, 122 S. Ct. at 1851 (citing Cronic, 466 U.S. at 659–62, 104 S. Ct. at 2047–48).

 





[16]
            Id. at 686, 122 S. Ct. at 1846.

 





[17]
            Id. at 696–97, 122 S. Ct. at 1851; see
also Florida v. Nixon, 543 U.S. 175, 190, 125 S. Ct. 551, 562 (2004)
(characterizing Cronic as a “narrow
exception” to Strickland that will be
“infrequently” applied, and emphasizing that the Cronic presumption of prejudice applies in “circumstances that are
so likely to prejudice the accused that the cost of litigating their effect in
a particular case is unjustified” (quoting Cronic,
466 U.S. at 658, 104 S. Ct. at 2046)); Cannon
v. State, 252 S.W.3d 342, 349–50 (Tex. Crim. App. 2008) (applying Cronic under circumstances in which
“defense counsel declared that he was ‘not ready for this trial,’ that he would
‘be unable to effectively represent [his] client,’ that he could, therefore,
‘not participate’ in the trial,” and then “declined to participate in jury
selection, declined to enter a plea for his client, declined to make an opening
or closing argument to the jury, declined to cross-examine any of the State’s
witnesses, declined to make any objections, declined to offer any defense,
declined to request any special jury instructions, and declined to offer any
evidence or argument with respect to punishment”).

 





[18]
            Allen v. State, No. 03-08-00315-CR, 2009 WL 2341830 (Tex.
App.—Austin July 29, 2009, pet. ref’d) (mem. op., not designated for
publication) (applying Strickland
analysis to ineffective-assistance claim when trial counsel allegedly induced
defendant to stipulate to charged conduct).