April 28, 2011

The Honorable Joe Shannon, Jr.
Tarrant County Criminal District Attorney
Tim Curry Criminal Justice Center
401 West Belknap
Fort Worth, Texas 76196-0201

Opinion No. GA-0855

Re: Whether Texas Health and Safety Code section 773.008(2) authorizes a court of record, independently of any other source of authority, to order emergency medical treatment of a local jail detainee (RQ-0915-GA)

Dear Mr. Shannon:

You inform us that Tarrant County is seeking an efficient but legal method for administering appropriate medical treatment to local jail detainees who are uncooperative in taking necessary medication.[1] You ask whether subsection 773.008(2) of the Texas Health and Safety Code authorizes a court of record, independently of any other source of authority, to order emergency medical treatment of a local jail detainee and, if so, what procedures should be followed to protect the procedural and substantive rights of the detainee and other affected parties. Request Letter at 2.

A statute is construed in the context of the entire statutory scheme in which it appears. *See Tex. Workers' Comp. Ins. Fund v. Del Indus., Inc.*, 35 S.W.3d 591, 593 (Tex. 2000). Chapter 773 of the Health and Safety Code codifies the Emergency Health Care Act (the "Act"), the stated purpose of which "is to provide for the prompt and efficient transportation of sick and injured patients, after necessary stabilization, and to encourage public access to that transportation in each area of the state." TEX. HEALTH & SAFETY CODE ANN. § 773.002 (West 2010); *see also id.* § 773.001 (stating the Act's popular name). Section 773.008, entitled "Consent for Emergency Care," provides that "[c]onsent for emergency care of an individual is not required if" circumstances exist as described in one of three subdivisions. *Id.* § 773.008.[2] Subsection 773.008(2), the subject of your question, provides that "[c]onsent for emergency care of an individual is not required if . . . . a court of record orders the treatment of an individual who is in an imminent emergency to prevent

---

[1] *See* Letter from Honorable Joe Shannon, Jr., Tarrant County Criminal District Attorney, to Honorable Greg Abbott, Attorney General of Texas at 1 (Aug. 25, 2010), http://www.oag.state.tx.us/opin/index_rq.shtml ("Request Letter").

[2] While a statute's caption or title does not limit or expand a statute's meaning, it provides some indication of the Legislature's intent. *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 308–09 (Tex. 2010).

the individual's serious bodily injury or loss of life." *Id.* § 773.008(2). No other provision in the Act mentions or refers to court-ordered treatment. *See generally id.* §§ 773.001–.205.

Subsection (2) of section 773.008 provides only that consent is not required *if* a court of record orders treatment under the circumstances described. *Id.* § 773.008(2). Subsection (2) does not expressly purport to be the source of a court's authority to issue such an order. Nor does the subsection or any other provision in the Act imply that the subsection, in and of itself, constitutes a grant of authority. Notably absent from the Act is any guidance about which courts of record would have jurisdiction to issue such an order, the nature of proceeding in which such an order might be warranted, or the evidence and procedures necessary to support such an order.

In other statutes, the Legislature has repeatedly demonstrated that when it wishes to authorize a court to order medical treatment, it does so expressly in statutes that include specific procedural requirements. *See, e.g.,* TEX. CODE CRIM. PROC. ANN. art. 46B.086 (West Supp. 2010) (authorizing the court in the county in which a criminal proceeding is pending to issue an order authorizing the administration of medications to a defendant determined to be incompetent to stand trial); TEX. FAM. CODE ANN. § 266.010(d), (g) (West 2008) (provision authorizing court-ordered medical care for child over the age of sixteen who has refused treatment); TEX. HEALTH & SAFETY CODE ANN. §§ 462.061, .075 (West 2010) (proceedings for court-ordered treatment of chemical dependancy); TEX. HEALTH & SAFETY CODE ANN. ch. 574 (West 2010) (provisions for court-ordered mental health services); TEX. HUM. RES. CODE ANN. § 48.208 (West Supp. 2010) (authorizing court in county in which elderly or disabled person resides to issue an emergency order for protective services including medical care). It is unlikely that the Legislature intended subsection 773.008(2) to grant courts of record the authority to order medical treatment, doing so only by implication and without any guidance about its proper application. We therefore conclude that Health and Safety Code subsection 773.008(2) neither expressly nor impliedly grants authority to courts of record, without regard to any other source of authority, to order emergency medical treatment of local jail detainees.[3] Having so concluded, we need not address your second question.

---

[3]We conform our analysis to the precise question you ask about the scope of Health and Safety Code subsection 773.008(2) and do not address any other potential source of authority for a court to issue such an order. *See* TEX. GOV'T CODE ANN. §§ 24.008 (providing that a "district court may hear and determine any cause that is cognizable by courts of law or equity and may grant any relief that could be granted by either courts of law or equity"); 24.011 (authority of district judge to "grant writs of mandamus, injunction, sequestration, attachment, garnishment, certiorari, and supersedeas and all other writs necessary to the enforcement of the court's jurisdiction"); 26.050 (providing that, subject to certain limitations, "a county court may hear and determine any cause in law or equity that a court of law or equity recognizes and may grant any relief that may be granted by a court of law or equity"); 26.051(authority of county judge to "grant writs of mandamus, injunction, sequestration, attachment, garnishment, certiorari, and supersedeas and all other writs necessary to the enforcement of the court's jurisdiction") (West 2004).

Moreover, because we are able to answer your question from a construction of the language of section 773.008(2), we do not address the extensive constitutional issues you discuss in your request letter. *See* Request Letter at 2–4; *see also VanDevender v. Woods,* 222 S.W.3d 430, 432 (Tex. 2007) (stating a principle of judicial restraint that "when a case may be decided on a non-constitutional ground, we should rest our decision on that ground and not wade into ancillary constitutional questions").

## S U M M A R Y

Texas Health and Safety Code section 773.008(2) does not, in and of itself, grant authority to courts of record to order emergency medical treatment of local jail detainees.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee