# IN THE SUPREME COURT OF TEXAS

No. 15-0642

DELIA PAGAYON, MICHELLE FULTON, ALFREDO G. PAGAYON, MICHAEL G.
PAGAYON, AND THE ESTATE OF ALFREDO M. PAGAYON, PETITIONERS,

v.

EXXON MOBIL CORPORATION, RESPONDENT

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTEENTH DISTRICT OF TEXAS

JUSTICE BOYD, concurring.

I agree with the Court that Exxon had no duty under these facts to control its employee and prevent him from harming a third party. *Ante* at __. But I respectfully decline to join the Court's opinion for two interrelated reasons.

First, the Court opportunistically uses this case to reject section 317 of the Second Restatement of Torts. But whether we reject or adopt section 317 is irrelevant to the outcome of this case.[1] Under section 317, an employer has no duty to control an employee who is acting outside the scope of employment unless (a) the employee is on the employer's premises or using the employer's personal property, (b) the employer knows or should know that it has the ability to

---

[1] Although this Court has never *expressly* "adopted" section 317, I find it difficult to criticize the court of appeals for thinking it has. We have cited section 317 approvingly—or at least without expressing any criticism—in four previous cases. *See Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 405 (Tex. 2009); *Loram Maint. of Way, Inc. v. Ianni*, 210 S.W.3d 593, 596 n.3 (Tex. 2006); *Otis Eng'g Corp. v. Clark*, 668 S.W.2d 307, 309 (Tex. 1983); *Kelsey–Seybold Clinic v. Maclay*, 466 S.W.2d 716, 720 (Tex. 1971).

control the employee, and (c) the employer knows or should know that a "*necessity* and opportunity for exercising such control" exists. RESTATEMENT (SECOND) OF TORTS § 317 (AM. LAW INST. 1965) (emphasis added). Here, the Court holds (and I agree) that the events "cannot even arguably have given Exxon reason to think employee friction might injure store patrons," and the likelihood of the tragic results were at best "slight." *Ante* at __, __. Exxon thus had no duty under section 317 because it neither knew nor should have known of any "necessity" to intervene and control its employee.

Nevertheless, the Court holds that section 317 "does not correctly state an employer's duty" because it "is not a product of" our general balancing test that weighs the risk, foreseeability, and likelihood of the occurrence and injury against the social utility of the defendant's conduct, the burden of guarding against the injury, and the consequences of placing the burden on the defendant, in light of its knowledge of the risk and right to control the employee. *Ante* at __ (citing *Humble Sand & Gravel, Inc. v. Gomez,* 146 S.W.3d 170, 182 (Tex. 2004) (quoting *Praesel v. Johnson,* 967 S.W.2d 391, 397–98 (Tex. 1998)). Whether section 317 adequately reflects the balancing test is debatable, but however the factors may balance in any given case, they do not impose a duty when an employer neither knew nor should have known that it needed to intervene to control an employee acting outside the scope of employment. The Court's criticisms of section 317 are not trivial, but deciding whether to adopt or reject section 317 is unnecessary here because Exxon owed no duty under either section 317 or the balancing test. When "it is not necessary to decide more, it is necessary not to decide more." *VanDevender v. Woods,* 222 S.W.3d 430, 433 (Tex. 2007) (quoting *PDK Labs. Inc. v. DEA,* 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J., concurring)).

2

Second, having rejected section 317 and any other guiding rules or principles,[2] the Court ultimately provides no meaningful direction at all. All the Court can say is that an employer's duty "is difficult to state generally," the "correct balance . . . is very hard to strike," and "[w]hatever duty an employer may have to control its employees, the factors that must shape it cannot extend to the situation here." *Ante* at __. The Court gestures the "necessity rule" I propose, but only as an aside to its wholesale rejection of section 317. *See ante* at __ (stating that "[c]ertainly, an employer should have no duty to control an employee when it neither knows nor should know of the need and opportunity to do so."). Methodologically, however, the Court's holding provides little more than a Potter Stewart-esque we-know-duty-when-we-see-it approach that fails to provide any real guidance to lower courts and practitioners—not to mention employers. *See Jacobellis v. State of Ohio*, 378 U.S. 184, 197 (1964) (Stewart, J., concurring) (declining to attempt to define pornography, but stating that he "know[s] it" when he "see[s] it").

The Court's decision, "lamentably, is driven not nearly so much by legal principles as by the belief of individual judges" that the employer should not owe a duty here. *State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 50 (Tex. 1998) (HECHT, J., dissenting) (lamenting Court's approach to determining bad-faith conduct). While that approach may appear to justly resolve this appeal, until "we formulate a body of law that defines [an employer's duty] sufficiently, we [will] continue with our we-know-it-when-we-see-it approach that does little to change the lottery-like nature" of our duty decisions. *Id.* (HECHT, J., dissenting). "To award damages on an I-know-it-when-I-see-it basis is neither principled nor practical." *Twyman v. Twyman*, 855 S.W.2d 619, 629

---

[2] The Court discusses the Third Restatement's description of duty, but is simply ambivalent about its requirements or its compatibility with the Texas balancing test. *Ante* at __ (addressing RESTATEMENT (THIRD) OF TORTS: LIABILITY FOR PHYSICAL AND EMOTIONAL HARM § 41(a) (AM. LAW. INST. 2012)).

(Tex. 1993) (HECHT, J., dissenting) (lamenting court's adoption of "outrageousness" standard for claims alleging intentional infliction of emotional distress).

In my view, a judicial system is better served when its highest court provides Moses-like methods instead of Solomon-like solutions. We should strive to define an employer's duty "by standards sufficiently objective and particular to allow a reasonable assessment of the likelihood that certain behavior may be found to be culpable, and to adjudicate liability with some consistency in the various cases that arise." *Id.* (HECHT, J., dissenting). The Court acknowledges the harm that results when our decision in a particular case identifies too broad a standard. *See ante* at __ n.33. But it ignores the harm that results when we announce too narrow a decision. Overly broad standards afford trial courts a level of discretion that erodes objectivity. But narrow decisions that only answer irreplicable questions provide no guidance to the trial courts that must resolve the cases that those decisions leave untouched. By deciding only that the duty that results from the balancing factors "cannot extend to the situation here," *ante* at __, today's decision falls into the latter category. Because the Court unnecessarily (and thus improperly) rejects section 317 and then merely applies a general balancing test to this one case, I do not join the Court's opinion although I concur in its judgment.

Opinion Delivered: June 23, 2017