**Affirmed and Majority and Concurring Opinions filed June 4, 2019.**



In The

# Fourteenth Court of Appeals

### NO. 14-18-01070-CV

## IN THE INTEREST OF P.W., A CHILD

**On Appeal from the 315th District Court
Harris County, Texas
Trial Court Cause No. 2017-05035J**

## C O N C U R R I N G   O P I N I O N

Based on the Supreme Court of Texas's pronouncements in *In re N.G.*, this court must determine whether the appellant's challenge to the subsection (D) and subsection (E) findings holds merit, and we must detail our analysis, even if another finding listed in the final order as a termination ground provides a proper basis for the predicate act required under section 161.001(b)(1) and even if the appellant does not challenge the trial court's best-interest-of-the-child finding.[1] In *In re N.G.* the supreme court did not address whether nonconstitutional law

---

[1] *See In re N.G.*, No. 18-0508, —S.W.3d—,—, 2019 WL 2147263, at *3–4 (Tex. May 17, 2019) (per curiam).

required the court of appeals to review the appellant's challenge to the trial court's findings under (D) and (E).[2] I write separately to address this question and to note that, even if, contrary to the *N.G.* court's conclusion, allowing (D) and (E) findings to go unreviewed on appeal when the parent has presented the issue to the appellate court did not violate the parent's due-process and due-course-of-law rights, nonconstitutional law would allow the parent to get appellate review of the parent's challenge to the (D) and (E) findings.

### *The Supreme Court of Texas's Constitutional Grounds for Requiring Review of a Challenge to (D) and (E) Findings*

Shortly after oral argument in today's case, the supreme court issued its opinion in *In re N.G.*[3] In assessing the appellate-review-of-(D)-and-(E)-findings issue, the *N.G.* court went directly to constitutionality, without first addressing whether Texas statutes and procedural rules allowed the mother to get appellate review of her challenge to the (D) and (E) findings.[4] The *N.G.* court applied the factors the Supreme Court of the United States used in *Santosky v. Kramer* and the Supreme Court of Texas used in *In re J.F.C.*[5] Balancing these factors, and considering that the risk of error carries big consequences for future parental rights, the *N.G.* court reasoned that a parent's fundamental liberty interest in the right to parent outweighs the state's interest in having courts decide only what is necessary for final disposition of the appeal.[6] Therefore, the *N.G.* court decided that allowing (D) and (E) findings to go unreviewed on appeal when the parent has presented the

---

[2] *See In re N.G.*, 2019 WL 2147263, at *1–4.

[3] *See id.*

[4] *See id.*

[5] *See Santosky v. Kramer*, 455 U.S. 745, 759–68, 102 S. Ct. 1388, 1398–1402, 71 L.Ed.2d 599 (1982); *In re J.F.C.*, 96 S.W.3d 256, 273–274 (Tex. 2002); *In re N.G.*, 2019 WL 2147263, at *3–4.

[6] *In re N.G.*, 2019 WL 2147263, at *4.

issue to the appellate court would violate the parent's due-process and due-course-of-law rights.[7]  On that basis, the high court held that the court of appeals violated the appellant/mother's due-process and due-course-of-law rights by failing to review the trial court's (D) or (E) findings when the mother had presented the issue.[8]

Though today's case does not fall within the scope of the *N.G.* court's holding, to comply with the high court's deliberate pronouncements on this subject, this court must determine whether the appellant's challenge to the (D) and (E) findings holds merit based on the supreme court's constitutional grounds.[9]  An analysis of the statute under nonconstitutional grounds would yield the same outcome — appellate review of the challenge to the (D) and (E) findings — but without declaring any statute, rule, or procedure unconstitutional.

### *Review of the Mother's Challenge Based on Nonconstitutional Grounds*

Mother has not argued that the Fourteenth Amendment's Due Process Clause or the Texas Constitution's Due Course of Law provision require this court to review her challenge to the trial court's (D) and (E) findings.  Instead, Mother relies on a line of cases from this court and other intermediate courts of appeals requiring review of (D) and (E) findings under certain circumstances based on nonconstitutional grounds.[10]  Mother concedes that none of these cases involve the

---

[7] *Id.*

[8] *Id.*

[9] *In re N.G.*, 2019 WL 2147263, at *1–4.

[10] *See In re S.J.N.*, No. 14-18-00529-CV, 2018 WL 6494256, at *6 (Tex. App.—Houston [14th Dist.] Dec. 11, 2018, pet. denied) (mem. op.); *In re T.M.T.*, No. 14-18-00442-CV, 2018 WL 6053667, at *8 (Tex. App.—Houston [14th Dist.] Nov. 20, 2018, no pet.) (mem. op.); *In re J.E.M.M.*, 532 S.W.3d 874, 885 n.9 (Tex. App.—Houston [14th Dist.] 2017, no pet.); *In re C. M.-L.G.*, No. 14-16-00921-CV, 2017 WL 1719133, at *8 (Tex. App.—Houston [14th Dist.] May 2, 2017, pet. denied) (mem. op.); *In re S.G.F.*, No. 14-16-00716-CV, 2017 WL 924541, at *4

procedural posture presented in today's case: the appellant/parent challenges predicate-act findings under subsections (D) and (E), yet does not challenge either the trial court's finding under another subsection of section 161.001(b)(1) or the trial court's finding that termination of the parent's parental rights is in the child's best interest.

Under Texas law, trial courts must recite the specific grounds for termination in their final termination orders.[11]  So, parties properly may assert appellate complaints against these grounds, and an appellate court holds the power to delete a finding under (D) or (E) and affirm the final order as modified if, for instance, the reviewing court holds the evidence legally insufficient to support the finding.[12]  In that scenario, the reviewing court could delete these grounds from the trial court's final order.  This appellate remedy would bar the Department of Family and Protective Services from proceeding under subsection (M) in a future case brought to terminate Mother's parental rights as to another child.  Thus, it would be reasonable and appropriate to extend the existing line of court-of-appeals cases to apply to today's fact pattern, as Mother urges. Doing so would provide Mother an opportunity for appellate review of her challenge to the (D) and (E) findings under nonconstitutional law.[13]  And, this approach would mirror what the

---

(Tex. App.—Houston [14th Dist.] Mar. 7, 2017, no pet.) (mem. op.); *In re J.J.G*, No. 14-15-00094-CV, 2015 WL 3524371, at *4 (Tex. App.—Houston [14th Dist.] June 4, 2015, no pet.) (mem. op.); *In re C.M.C.*, 554 S.W.3d 164, 171 (Tex. App.—Beaumont 2018, no pet.); *In re L.D.*, No. 01-17-00471-CV, 2017 WL 6374663, at *4 (Tex. App.—Houston [1st Dist.] Dec. 14, 2017, pet. denied) (mem. op.).

[11] *See* Tex. Fam. Code § 161.001(b); Tex. R. Civ. P. 306.

[12] *See* Tex. Fam. Code § 161.001(b); Tex. R. Civ. P. 306; *In re A.A.M.*, 2007 WL 1558701, at *3, n.3; *In re C.M.C.*, 554 S.W.3d at 173.

[13] *See In re S.J.N.*, 2018 WL 6494256, at *6; *In re T.M.T.*, 2018 WL 6053667, at *8; *In re J.E.M.M.*, 532 S.W.3d at 885 n.9; *In re C. M.-L.G.*, 2017 WL 1719133, at *8; *In re S.G.F.*, 2017 WL 924541, at *4; *In re J.J.G*, 2015 WL 3524371, at *4; *In re C.M.C.*, 554 S.W.3d at 171; *In re L.D.*, 2017 WL 6374663, at *4.

4

high courts usually do in similar circumstances.

Before addressing whether the Fourteenth Amendment's Due Process Clause requires a state to prove the grounds for terminating a party's parental rights by clear and convincing evidence, the Supreme Court of the United States in *Santosky* first determined that, under the New York law applicable in that case, proof by clear and convincing evidence was not required, and proof by a "fair preponderance of the evidence" would suffice.[14] So, the *Santosky* court needed to address whether the Fourteenth Amendment's Due Process Clause required proof by clear and convincing evidence.[15]

The Supreme Court of Texas, in *In re J.F.C.*, likewise took a tiered approach, looking first to nonconstitutional law.[16] Before addressing whether the Fourteenth Amendment's Due Process Clause or the Texas Constitution's Due Course of Law provision prevents courts from supplying an omitted best-interest finding in support of the termination judgment, the *J.F.C.* court first determined that nonconstitutional law required courts to supply an omitted best-interest finding in support of the termination judgment.[17] Thus, the *J.F.C.* court needed to address whether due process or due course of law blocks courts from supplying an omitted best-interest finding in support of the termination judgment.[18]

Texas courts presume that Texas statutes, rules, and procedures comport with constitutional due-process and due-course-of-law requirements.[19] Under

---

[14] *See Santosky*, 455 U.S. at 747–48, 102 S. Ct. at 1391–92.

[15] *See id.*

[16] *See In re J.F.C.*, 96 S.W.3d at 262–272.

[17] *See id.*

[18] *See id.*

[19] *See In re J.O.A.*, 283 S.W.3d 336, 342 (Tex. 2009); *In re B.L.D.*, 113 S.W.3d 340, 352 (Tex. 2003); *In re Doe 2*, 19 S.W.3d 278, 284 (Tex. 2000).

supreme-court precedent, Texas courts are to decide cases on nonconstitutional grounds whenever possible.[20] That means a court should reach a constitutional question only when the court cannot resolve the issue on nonconstitutional grounds.[21] This self-imposed restraint both honors the separation of powers and promotes comity between the branches of government.[22]

In keeping with this tiered approach, the supreme court has directed a two-prong inquiry, cautioning that Texas courts should examine the constitutionality of a statute only (1) when a party properly raises the question and (2) the court concludes it must answer the constitutional question to decide the case.[23] Today's appeal meets neither prong.

Mother has not raised any constitutional issue on appeal or assigned error based on the constitutionality of any statute, rule, or procedure. Nor would this court have to address the statute's constitutionality to resolve the issues presented. Today's appeal is precisely the type of case in which courts should avoid resolving a controversy on constitutional grounds.

Before the supreme court's pronouncements in *In re N.G.*, a Texas court would not need to decide whether the Due Process Clause or Texas's Due Course of Law provision requires review of a challenge to the (D) and (E) findings because the court could decide the issue on nonconstitutional grounds.[24] Indeed,

---

[20] *VanDevender v. Woods*, 222 S.W.3d 430, 433 (Tex. 2007).

[21] *See In re B.L.D.*, 113 S.W.3d at 349.

[22] *See* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 249 (2012) (stating that a plausible basis for the constitutional-doubt canon is that it represents "a judgment that courts should minimize the occasions on which they confront and perhaps contradict the legislative branch").

[23] *In re Doe 2*, 19 S.W.3d at 284.

[24] *See VanDevender*, 222 S.W.3d at 433; *In re B.L.D.*, 113 S.W.3d at 349; *In re Doe 2*, 19 S.W.3d at 284; *In re S.J.N.*, 2018 WL 6494256, at *6; *In re T.M.T.*, 2018 WL 6053667, at *8; *In*

before *In re N.G.*, Texas courts of appeals could review a challenge to (D) and (E) findings without resorting to constitutional law.[25] With its recent pronouncements, the *N.G.* court appears to have forged a different path, a shorter one that does not require the first-tier, nonconstitutional inquiry outlined in the high court's prior precedent.

The prior precedent and tiered methodology serve important jurisprudential values. Requiring courts to consider nonconstitutional grounds before deeming statutes or procedural rules unconstitutional minimizes the occasions on which the judicial branch confronts and perhaps contradicts the legislative branch. This methodology promotes comity with lawmakers and honors the constitutional separation of powers by reserving decisions on the constitutionality of legislative enactments for cases in which the parties have raised a constitutional challenge and the court must decide the constitutional issue to resolve the case.

/s/     Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Spain and Poissant. (Frost, C.J., majority).

---

re *J.E.M.M.*, 532 S.W.3d at 885 n.9; *In re C. M.-L.G.*, 2017 WL 1719133, at *8; *In re S.G.F.*, 2017 WL 924541, at *4; *In re J.J.G*, 2015 WL 3524371, at *4; *In re C.M.C.*, 554 S.W.3d at 171; *In re L.D.*, 2017 WL 6374663, at *4.

[25] *See In re N.G.* 2019 WL 2147263, at *3–4; *VanDevender*, 222 S.W.3d at 433; *In re B.L.D.*, 113 S.W.3d at 349; *In re Doe 2*, 19 S.W.3d at 284.