# NO. 12-23-00199-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TOMAS JASSO-SANCHEZ,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Tomas Jasso-Sanchez appeals the trial court's revocation of his community supervision and adjudication of his guilt. In his sole issue, Appellant contends the trial court abused its discretion by denying him the right to confront a witness against him during the hearing on the State's motion to adjudicate guilt. We affirm.

### BACKGROUND

Pursuant to a plea bargain agreement, Appellant pleaded "guilty" to assaulting a member of his family and household by impeding the victim's breathing or circulation.[1] The trial court found the evidence sufficient to find Appellant "guilty" but deferred further proceedings and placed Appellant on community supervision for six years.

The State subsequently filed a motion to adjudicate guilt, in which it alleged that Appellant violated the terms and conditions of his community supervision by (1) failing to report and submit to a random urinalysis and (2) committing another assault against a different victim. At the

---

[1] *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(B) (West Supp. 2023).

beginning of the evidentiary hearing on the motion, the State informed the trial court that the State would not call the victim of the alleged new assault to testify at the hearing because the victim invoked his Fifth Amendment privilege due to a pending charge against him. Appellant pleaded "true" to the allegation that he violated the terms of his community supervision by failing to report and submit to a random urinalysis, but he pleaded "not true" to the allegation that he violated the terms of his community supervision by committing another assault.[2] Defense counsel objected that the alleged victim's absence deprived Appellant of his constitutional right to confront his accuser, but he acknowledged that many courts have concluded that the constitutional right of confrontation and *Crawford v. Washington*[3] do not apply to revocation hearings because they are judicial proceedings rather than prosecutorial proceedings. The trial court proceeded to hear evidence, including the testimony of an eyewitness to part of an altercation between Appellant and the victim, who sustained a laceration on his cheek. According to the eyewitness, the victim indicated that the injury caused him pain.

The trial court ultimately found that Appellant violated the conditions of his community supervision, revoked his unadjudicated community supervision, found him "guilty" of assaulting a member of his family or household by impeding the victim's breath or circulation, and assessed punishment at six years of confinement. This appeal followed.

## REVOCATION OF COMMUNITY SUPERVISION

In issue one, Appellant argues that the trial court abused its discretion by denying him the right to confront the alleged victim during the hearing on the motion to adjudicate guilt.

**Applicable Law**

We review a trial court's order revoking community supervision for an abuse of discretion. *Caddell v. State*, 605 S.W.2d 275, 277 (Tex. Crim. App. [Panel Op.] 1980). At a revocation hearing, the State has the burden to establish the alleged violations by a preponderance of the evidence. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cobb v. State*, 851

---

[2] The trial judge stated at the revocation hearing that the State's motion to adjudicate contains three paragraphs, and he asked Appellant to plead "true" or "not true" to paragraphs one, two, and three. Appellant pleaded "true" to paragraphs one and three and pleaded "not true" to paragraph two. However, the clerk's record indicates that paragraph one of the State's motion does not allege a violation; rather, it merely recites that defendant pleaded guilty and received deferred adjudication community supervision, the terms of which required him to (1) commit no offense and (2) submit to urinalysis as directed by his supervision officer.

[3] 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004).

2

S.W.2d 871, 873 (Tex. Crim. App. 1993). Proof of a violation of a single term or condition of community supervision is sufficient to support a trial court's decision to revoke community supervision. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980). Moreover, a defendant's plea of "true," standing alone, is sufficient to prove the alleged violation and to support revocation. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979); *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979).

The Sixth Amendment's Confrontation Clause provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI. The U.S. Supreme Court held that this procedural guarantee precludes a court from admitting a witness's testimonial statements if the witness does not appear at trial unless the witness is unavailable to testify and the defendant had a previous opportunity to cross-examine the witness. *Crawford v. Washington*, 541 U.S. 36, 59, 124 S. Ct. 1354, 1369, 158 L. Ed. 2d 177 (2004). "Judicial restraint cautions that when a case may be decided on a non-constitutional ground, we should rest our decision on that ground and not wade into ancillary constitutional questions." *VanDevender v. Woods*, 222 S.W.3d 430, 432 (Tex. 2007); *see Rodriguez v. State*, 538 S.W.3d 623, 631 n.57 (Tex. Crim. App. 2018) (citing holding in *VanDevender* "reaffirming the 'well-settled prudential doctrine that cases should be decided on narrow, non-constitutional grounds whenever possible'"). "[T]he cardinal principle of judicial restraint – if it is not necessary to decide more, it is necessary not to decide more – counsels us to go no further." *VanDevender*, 222 S.W.3d at 433.

## Analysis

Appellant contends his rights were violated because the victim of the alleged assault invoked his Fifth Amendment privilege against self-incrimination and therefore was not present at the hearing on the State's motion to adjudicate. Because, as explained below, we conclude that Appellant did not suffer constitutional harm, we need not determine whether *Crawford* applies to revocation proceedings and, if so, whether Appellant's right to confront adverse witnesses was violated.

*Crawford* error is subject to a constitutional harm analysis. *Langham v. State*, 305 S.W.3d 568, 582 (Tex. Crim. App. 2010); *see also* TEX. R. APP. P. 44.2(a). Texas Rule of Appellate Procedure 44.2(a) provides that if the alleged error is constitutional error, we must reverse the judgment unless we determine beyond a reasonable doubt that the alleged error did not contribute

to the conviction or punishment. TEX. R. APP. P. 44.2(a); *see Woodall v. State*, 336 S.W.3d 634, 639 n.6 (Tex. Crim. App. 2011). In determining whether a *Crawford* violation is harmless beyond a reasonable doubt, we consider (1) the importance of the hearsay statements to the State's case, (2) whether the hearsay evidence was cumulative of other evidence, (3) the presence or absence of evidence contradicting the hearsay testimony on material points, and (4) the overall strength of the prosecution's case. *Davis v. State*, 203 S.W.3d 845, 852 (Tex. Crim. App. 2006).

In the instant case, Appellant pleaded "true" to the allegation that he violated the conditions of his community supervision by failing to report and submit to a random urinalysis, and his plea of "true" to said violation, standing alone, is sufficient to support the trial court's revocation of his community supervision. *See Moore*, 605 S.W.2d at 926; *Moses*, 590 S.W.2d at 470; *Cole*, 578 S.W.2d at 128. Assuming without deciding that (1) Appellant had a right to confront the alleged victim during the revocation hearing and (2) said right was violated, because Appellant pleaded "true" to failing to appear and submit a random urinalysis, we conclude beyond a reasonable doubt that any *Crawford* error regarding the alleged violation to which Appellant pleaded "not true" did not contribute to Appellant's conviction or punishment. *See* TEX. R. APP. P. 44.2; *Rodriguez*, 538 S.W.3d at 631 n.57; *VanDevender*, 222 S.W.3d at 432-33; *Davis*, 203 S.W.3d at 852; *Moore*, 605 S.W2d at 926; *Moses*, 590 S.W.2d at 470; *Cole*, 578 S.W.2d at 128. Accordingly, we overrule issue one.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

GREG NEELEY
Justice

Opinion delivered March 28, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 28, 2024**

**NO. 12-23-00199-CR**

**TOMAS JASSO-SANCHEZ,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0660-20)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this Court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be in all things **affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*